UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DIEGO ALEJANDRO VELASQUEZ,

      Debtor.
_____/

Case No.  14-33778-RBR
Chapter 7

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF TBE EXEMPTION

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate (the *"Estate"*) of Diego Alejandro Velasquez (the *"Debtor"*), objects to the Debtor's claim of the tenancy by the entireties exemption, and in support states as follows:

    **A.**    **The Debtor is not entitled to the TBE Exemption Because There is Joint Debt**

In his schedules, the Debtor claims the following property as exempt pursuant *only* to *In re Avins*, 19 B.R. 736 (S.D.Fla.1982):[1]

- 5681 N.W. 121 Avenue, Coral Springs, FL 33065 (the *"5681 Property"*)
- Ameriprise One Acct. No. 8133
- Wells Fargo Checking Account # 0355
- Household goods and furnishings

(collectively, the *"TBE Property"*).

Pursuant to Schedule D, the Debtor's interest in the 5681 Property is worth nothing, as it is subject to a second mortgage, and is underwater. Pursuant to Schedule B, the value of the Ameriprise One Acct. No. 8133, Wells Fargo Checking Account # 0355, and household goods and furnishings together total $4,786.00. Accordingly, the total value of the TBE Property is

---

[1] The Trustee assumes the *Avins* reference is an attempt to avail himself of the entireties exemption available through 11 U.S.C. § 522(b)(3)(B).

1

$4,786.00. Pursuant to Schedule D, however, the Debtor has $63,698.00 in unsecured portions of joint secured debt (i.e., undersecured debt). Thus, under 11 U.S.C. § 506(a), there is $63,698.00 in joint unsecured debt.

Assuming without admitting that the TBE Property is actually held as tenants by the entirety, the TBE Property remains property of the Estate. Section 522(b)(3)(B) allows a debtor to exempt:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. . . .

"Under Florida law, entireties property is exempt from process to satisfy debts owed to individual creditors of either spouse. Entireties property is not exempt from process to satisfy joint debts of both spouses." *In re Monzon*, 214 B.R. 38, 40-41 (Bankr. S.D. Fla. 1997) (citations omitted). "Once the entireties exemption is defeated and the entireties property comes into the estate, the asset is subject to administration under section 704. . . The non-exempt, entireties property is subject to distribution under section 726." *In re Helm*, 2012 WL 1616791 (Bankr. S.D. Fla. May 9, 2012).

Pursuant to *Monzon,* the appropriate trigger for administration of TBE property is "the presence of an unsecured or undersecured joint debt." *Monzon*, 214 B.R. at 41. Since the Debtor and his spouse have joint undersecured debts which exceed the value of the Debtor's interest in the TBE Property claimed as exempt as tenants by the entirety, the Trustee objects to each and every *Avins* claim of exemption.

*Monzon* dictates that TBE property, up to the total debt to the joint unsecured creditors, cannot be exempted pursuant to 11 U.S.C. § 522(b)(3)(B). Since the joint debt exceeds the value of the TBE Property, this Court should deny the TBE Exemption *in toto*.

### B.  Preservation of Objections to Other Claims Exemptions

At this juncture, the Trustee has not yet evaluated any of the Debtor's other claims of exemption, and seeks a ruling on this objection expeditiously in order to administer the TBE Property and preserve the value of the property for the Estate. Nothing in this objection is meant to waive any other timely objections to the Debtor's other claims of exemption.

WHEREFORE, Kenneth A. Welt, respectfully requests the Court to enter an order denying the tenancy by the entireties exemption; and granting such other and further relief as is just and appropriate.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 15, 2014, via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached Exhibit 1 and via U.S. mail upon: Lorena Velasquez, 5051 NW 124th Way, Coral Springs, FL 33076-3444.

        s/ Lawrence E. Pecan
        Lawrence E. Pecan, Esquire
        Florida Bar No. 99086
        lpecan@melandrussin.com
        MELAND RUSSIN & BUDWICK, P.A.
        3200 Southeast Financial Center
        200 South Biscayne Boulevard
        Miami, Florida  33131
        Telephone: (305) 358-6363
        Telecopy: (305) 358-1221

        *Attorneys for Trustee*

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

- James B Flanigan    jbf@trippscott.com, bankruptcy@trippscott.com
- Andrea R Jacobs    andrea@arjlaw.com, lynn@brodzkijacobs.com;alyssa.baer@brodzkijacobs.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**Exhibit 1**