UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                            Case No. 14-33778-BKC-RBR
                                                                                  Chapter 7

DIEGO ALEJANDRO VELASQUEZ,

      Debtor.
_____/

**NOTICE OF FILING SUBPOENA TO BE SERVED**

      Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee (the ***"Trustee"***), by and through undersigned counsel, provides notice upon all parties in this proceeding, in accordance with *Fed R. Civ. P.* 45, that the Trustee will serve a Subpoena for Rule 2004 Examination *Duces Tecum* directed to the following non-party:

**D&L VELASQUEZ, LLC**
**By and through Diego A. Velasquez, Registered Agent**
**5051 NW 124th Way**
**Coral Springs, FL 33076**

      REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 16, 2014, via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached Exhibit 1.

        s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- James B Flanigan    jbf@trippscott.com, bankruptcy@trippscott.com
- Andrea R Jacobs    andrea@arjlaw.com, lynn@brodzkijacobs.com;alyssa.baer@brodzkijacobs.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DIEGO ALEJANDRO VELASQUEZ,

Case No.  14-33778-BKC-RBR
Chapter 7

Debtor.
_____/

### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To:  **D & L VELASQUEZ LLC**
**By and through Diego A. Velasquez, Registered Agent**
**5051 NW 124th Way**
**Coral Springs, FL 33076**

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| **MELAND RUSSIN & BUDWICK, P.A.**<br>**200 S. BISCAYNE BLVD., SUITE 3200**<br>**MIAMI, FL 33131** | **Monday, January 6, 2015**<br>**10:00 a.m.** |

The examination will be recorded by Ouellette & Mauldin Court Reporters**,** Inc.

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**Documents listed on the attached Exhibit A**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 16, 2014.

CLERK OF COURT

OR

_____       _____
Signature of Clerk or Deputy Clerk              Attorney's signature

Page 1 of 4

LF-84 (rev. 12/01/13)

The name, address, email address, and telephone number of the attorney representing TRUSTEE, KENNETH WELT, who issues or requests this subpoena, are:

Lawrence E. Pecan, Esq.
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DIEGO ALEJANDRO VELASQUEZ,

Case No. 14-33778-BKC-RBR
Chapter 7

Debtor.
_____/

# NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
*(Documents May Be Produced In Lieu of Appearance)*

Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee (the *"Trustee"*) for the bankruptcy estate of DIEGO ALEJANDRO VELASQUEZ (the *"Debtor"*), by and through undersigned counsel, will examine **the Records Custodian of D&L Velasquez, LLC,** under oath on **Monday, January 6, 2015 at 10:00 a.m.** at Meland Russin & Budwick, P.A., 200 South Biscayne Boulevard, Suite 3200, Miami, FL 33131 and to produce the documents listed in the attached **EXHIBIT A**. The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timey request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by this method: **Ouellette & Mauldin Court Reporters**. The scope of the examination shall be as described in Bankruptcy Rule 2004.

Pursuant to Local Rule 2004-1 no order shall be necessary. [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.]

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2014, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1.**

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## EXHIBIT A

## INSTRUCTIONS

a. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

b. As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

c. These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

d. If there is a claim that any privilege excuses production of any document or part thereof, the responding party must provide a log identifying each allegedly privileged document by title, type, date, author, recipients and subject matter, and state the privilege, and respond as fully as otherwise possible with all nonprivileged documents in whole or part.

e. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

f. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

g. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

h. If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

i. Unless another time period is specified, this Request is addressed to documents created since the year 1998.

# DEFINITIONS

a.  "<u>You</u>", "<u>Your</u>" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

b.  "<u>Materials</u>" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

c.  "<u>Document(s)</u>" or "<u>Writing(s)</u>" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, tape recordings, video cassettes and data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plans, printed materials of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer, or represented by a computer program, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

d.  "<u>Communication</u>" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

e.  "<u>Representative</u>" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

f.  "<u>Evidencing</u>" means having a tendency to show, prove or disprove.

g.  The words "<u>and</u>" and "<u>or</u>" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Interrogatories any answer that might be deemed outside their scope by another construction.

h.  "<u>Control</u>" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your

        employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

i.     "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

j.     "Including" shall mean including but not limited to.

k.     "Person" refers to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust or other business enterprise, governmental body or agency, or governmental, public, legal or business entity, or group of natural persons or other entities whether *sui juris* or otherwise.

# **DOCUMENT REQUESTS**
PLEASE PRODUCE THE FOLLOWING:

1. A copy of Your financial statement generated by QuickBooks or other similar accounting software.

2. A copy of Your Tax Returns for 2010, 2011, 2012, and 2013 (including all schedules).

3. A copy of all bank statements, canceled checks and ledgers since January 1, 2009.

4. A copy of all of Your books and records (including financial records) since January 1, 2009, including but not limited to operating agreements and investment agreements.

5. A copy of Your QuickBooks source data file (*.qbw).

6. A copy of all of Your Documents related to any property owned or sold by You

7. Copies of the books and records (including financial records) of any business owned, either jointly, partially or individually, by You since January 1, 2009, regardless of whether the business has ceased to operate.

8. All Documents and Communications between You and Diego Velasquez.

9. A copy of Your Accounts Receivable with name, addresses and supporting documents.

10. A copy of any and all credit applications and financial statements submitted to any bank, finance company, or other lender to obtain a loan or credit line since January 1, 2009, regardless of whether the loan was approved.

11. A copy of your Balance Sheet, detailed and summary, year to date.

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

- James B Flanigan    jbf@trippscott.com, bankruptcy@trippscott.com
- Andrea R Jacobs    andrea@arjlaw.com, lynn@brodzkijacobs.com;alyssa.baer@brodzkijacobs.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Peter D. Russin    prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz

**EXHIBIT 1**